IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE

TINA CAVENESS,

    Plaintiff,

v.                                                                           Docket No. 3:10-0650

VOGELY & TODD, INC., and DON          Judge Haynes
DURHAM

    Defendants.
_____/

## INITIAL CASE MANAGEMENT ORDER

In accordance with Local Rule 16.01(d)(2), the parties submit this Proposed Initial Case Management Order.

    1.     **Jurisdiction and Venue**: The Court has jurisdiction of this case pursuant to 29 U.S.C. §216(b), 28 U.S.C. §1331, and 28 U.S.C. §1337. Venue is proper in this Court.

    2.     **Responsive Pleadings**: Defendants have not yet filed their Answers in this case.

    3.     **Parties' Theory of the Case**:

        a.   **Plaintiff's Theory of the Case**: Plaintiff contends that the Defendants have failed to properly comply with the provisions of the Fair Labor Standards Act, 29 U.S.C. 201 et seq. ("FLSA"), the Equal Pay Act ("EPA"), 29 U.S.C. § 206(d), the Tennessee Human Rights Act ("THRA"), T.C.A. § 4-21-101 *et seq.*[1]*,* and engaged in retaliation in violation of federal and state law. More specifically, Defendants have failed to pay Plaintiff minimum wage and/or overtime in accordance with the FLSA and violated the record keeping provisions of the Act. Plaintiff contends that these violations are willful and

---

[1] Plaintiff currently has claims pending with the EEOC. After she has administratively exhausted those claims, she intends to amend the Complaint to add claims under Title VII of the Civil Rights Act of 1964 as well.

Defendants will be unable to meet their burden of presenting a good faith basis for their actions. Additionally, Defendants subjected Plaintiff to different and less favorable treatment, including providing her with lower pay, than similarly situated male co-workers. This conduct violates the EPA and state and federal civil rights laws. Finally, after Plaintiff asserted her rights under the FLSA, Defendants engaged in retaliatory conduct, threatening to sue her for money owed on a car, despite no prior collection efforts and no similar actions taken against other individuals who did not engage in protected activities.

As a result of the violations of the FLSA, Plaintiff is entitled to recover her unpaid wages owed, an additional amount as liquidated damages and/or prejudgment interest, as well as an award of attorneys' fees and costs. As a result of the violations of the EPA, Plaintiff is entitled to recover her damages, including lost wages, benefits and other compensation, liquidated damages, prejudgment interest, reasonable attorneys' fees and costs, and any other legal and equitable relief to which she may be entitled. Finally, Plaintiff is entitled to damages for her discrimination and retaliation claims, including punitive damages, attorneys' fees and costs.

b. **Defendants Theory of the Case**: Defendants deny any and all allegations that Plaintiff worked any overtime hours or that she was subjected to any unfavorable treatment from any other employees for any reason. In fact, Plaintiff was afforded more favorable treatment than other employees because Defendants were sympathetic with her personal issues, and paid her for days

on which she did not work. Defendant Don Durham sold Plaintiff a vehicle for which Plaintiff has failed to pay. Plaintiff worked for Defendant Vogely & Todd, Inc., for a period of approximately four and a half months. During her employment, Plaintiff took excessive days off from work to attend to what she explained as legal issues. She was also rude and unprofessional in her dealings with insurance adjusters and maintained a volatile disposition. After she was terminated, Plaintiff was replaced by a person with far more experience at the same salary. Defendants deny the allegations made by the Plaintiff, including any allegations of retaliatory actions. Defendants made every effort to help the Plaintiff in spite of her shortcomings.

4. **Mandatory Initial Disclosures**: Pursuant to Fed. R. Civ. P. 26(a)(1), all parties must make their initial disclosures within 14 days after the initial case management conference.

5. **Electronic Discovery:** The parties agree to abide by Administrative Order No. 174.

6. **Meeting of Counsel and Parties to Discuss Settlement Prospects:** On or before November 30, 2010, counsel and clients are required to have a face-to-face meeting to discuss whether this case can be resolved without further discovery proceedings. If a party, other than a natural person, is involved in this litigation, a representative who has the authority to settle shall attend this meeting on behalf of that party. After the meeting is conducted, counsel shall prepare a report and file it with the Court reflecting that the parties met and that the parties made a good faith effort to evaluate the resolution of this case. This report should also include whether the parties believed that one of the Alternative Dispute Resolution ("ADR") procedures under the Local Rules would further assist the parties in resolving this matter.

7. **Discovery**:

   a. All discovery will be completed no later than April 30, 2011. All written discovery shall be submitted in sufficient time so that the response shall be in hand by April 30, 2011.

   b. Expert Witness disclosures will be made by Plaintiff no later than February 28, 2011 and by Defendants on March 28, 2011.

   c. No motions related to discovery or for a protective order shall be filed until a discovery/protective order dispute conference has taken place and the attorneys of record shall attempt to resolve the dispute, and a jointly signed discovery/protective order dispute statement is submitted setting forth precisely the remaining issues in dispute and the reasons why those issues remain unresolved.

8. **Amendments to Pleadings**: It is anticipated that Plaintiff will amend the Complaint to add a Title VII claim. It is not yet known whether additional parties shall be added. The deadline for filing Motions to Amend the pleadings is March 28, 2011.

9. **Electronic Service:** Counsel for the parties agree to service of case-related material not otherwise filed through the Clerk's Office by electronic mail attachment in PDF format, in addition to any other format as agreed, sent to opposing counsel's email address who shall then accept such electronic service of case-related documents in lieu of the delivery of printouts or other physical copies.

10. **Dispositive Motions:** Briefs shall not exceed 25 pages. Dispositive motions will be filed no later than June 1, 2011. Responses to dispositive motions shall be due 30 days after the filing of the dispositive motion. Optional replies shall be due 15 days after the filing of the

response.

   **11.**  **Trial**: The parties anticipate the case will be ready for jury trial in October 2011 and anticipate it will take two days to try. Trial will be set by separate order.

   12.  **Issues Resolved**: None.

   13.  **Issues in Dispute**: All substantive legal issues remain in dispute and include the following:

    a. Whether Defendants violated the FLSA?

    b. Whether Defendants violated the EPA?

    c. Whether Defendants engaged in unlawful discrimination and/or retaliation against Plaintiff?

    d. Whether the Plaintiff is entitled to recover any damages and, if so, what amount?

    e. Whether Defendant is entitled to recover the balance owed by Plaintiff on the purchase of a vehicle and, if so, what amount?

   14.  **Other Claims**: The parties do not currently anticipate the filing of any third party claims.

   15.  **Scheduling of Any Hearings Before the Case Management Judge**: At this time, the parties do not have any hearings that must be scheduled in front of the Case Management Judge.

   16.  **Settlement**: The parties engaged in certain settlement discussions before the suit was filed, including a mediation at the EEOC, and expect that continued settlement discussions may be useful.

   It is so **ORDERED.**

                 *s/ John S. Bryant*
                 John S. Bryant
                 United States Magistrate Judge