IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE

TINA CAVENESS,

    Plaintiff,

v.                                                    Docket No. 3:10-0650

VOGELY & TODD, INC., and DON         Judge Haynes
DURHAM,

    Defendants.
_____/

## PLAINTIFF TINA CAVENESS'S STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

COMES NOW Plaintiff Tina Caveness ("Ms. Caveness" or "Plaintiff") and submits the following Statement of Undisputed Material and Non-Material Facts in Support of her Motion for Partial Summary Judgment.

1. Defendant Vogely & Todd ("V&T") is an employer within the meaning of 29 U.S.C. § 203(e) and does business in Davidson County, Tennessee. Complt., ECF No. 1, ¶ 6; Answer, ECF No. 2, ¶ 6.

**Response:**

2. Defendant Don Durham is the owner, board member, and/or managing agent of V&T. Complt. 1, ¶7, Answer, ¶7; Durham Dep. 18-19, Apr. 14, 2011. Durham controls directly or indirectly the management of Defendant V&T. *Id.*

**Response:**

3. Durham has primary responsibility the hiring, firing, scheduling, supervising, payroll practices, determination of employee pay rate and responsibility for FLSA compliance. *Id.*, Durham Dep. 20-21, 25-26, 157-158.

**Response:**

4. Durham is considered an "employer" under the FLSA (29 U.S.C. §203(d)). Complt. 1, ¶7, Answer, ¶7.

**Response:**

5. V&T is a body shop that repairs or restores damaged vehicles. Sprinkles Dep. 10-11; Durham Dep. 20.

**Response:**

6. V&T had an annual gross revenue that exceeded $500,000.00 in 2009. Durham Dep. 31-32.

**Response:**

7. Don Durham hired Tina Caveness to work as an estimator for V&T on or around April 15, 2009. Durham Dep. 71-72; Sprinkles Dep. 31, 59, Ex. 4, April 15, 2011 [Rule 30(b)(6) deposition]; Caveness Decl. ¶4, June 1, 2011.

**Response:**

8. Mr. Durham was the sole decision-maker with regards to the hiring Ms. Caveness. Durham Dep. 67.

**Response:**

9. Mr. Durham hired Ms. Caveness to work for V&T at a rate of $750.00 per week. Durham Dep. 57, 67; Caveness Decl. ¶4.

**Response:**

10. When Ms. Caveness was hired, she requested a rate of $1,000.00 per week. Durham Dep. 57. However, Mr. Durham stated that he could not begin her at that rate. *Id.*

**Response:**

11. The position of estimator is the essentially same as an appraiser. Durham Dep. 71.

2

**Response:**

12. Mr. Durham also described the job of estimator as a "damage claims processor." Durham Dep. 72.

**Response:**

13. While working for V&T, Ms. Caveness's supervisors were Don Durham, owner of V&T, Ben Durham and Rick Flores. Durham Dep. 80-81; Caveness Dep. 146, 108-109, April 12, 2011; Decl. Rick Flores, ¶¶3-4, June 1, 2011.

**Response:**

14. The qualifications for an estimator at V&T include prior experience, being able to input information in a computer and proficiency in the computer estimating system. Durham Dep. 96. There is no specific educational requirement to become an estimator at V&T. *Id.* at 97.

**Response:**

15. Ms. Caveness' job duties as an estimator included: looking at and documenting visible damage, putting damage information into a computer program that calculates the parts needed and labor costs, informing the customer and insurance company of the status and cost of repair and what is being repaired and making sure the work gets completed, documented and paid for. Durham Dep, 72-77; Sprinkles Dep. 31-32; Caveness Dep. 235-236.

**Response:**

16. Defendants asserted an affirmative defense that Plaintiff was an exempt employee, without identifying which exemption applied. Answer 5, ¶5.

**Response:**

17. V&T later claimed that Ms. Caveness was exempt from the FLSA under the administrative and executive exemptions to the FLSA. Sprinkles Dep. 50, 62. Durham Dep. 131.

**Response:**

18. Ms. Caveness did not manage V&T as a primary job duty, she only managed her assigned jobs. Sprinkles Dep. 38-39.

**Response:**

19. Ms. Caveness did not manage other employees or tell them how to do their particular job, rather after a repair job had been assigned by Mr. Durham or another manager to a particular technician, *i.e.*, metal shop, painter or detailer, Ms. Caveness made sure the technician had the appropriate paperwork and that the job was moving along for reporting purposes. Sprinkles Dep. 42-43; Caveness Dep. 181-182, 235.

**Response:**

20. The technicians were assigned to a particular job by Don Durham, Ben Durham or Rick Flores. Caveness Dep. 235; Decl. T. Caveness, ¶7; Decl. R. Flores ¶6. After one of these persons assigned a technician, Ms. Caveness made sure that the technician was aware of the job. *Id.* ¶8. Ms. Caveness did not have the discretion to assign a job to a particular technician. *Id.* ¶¶7,8.

**Response:**

21. The technicians reported to and were managed by Don Durham. Caveness Decl. ¶8; Decl. R. Flores ¶6. The technicians did not report to Ms. Caveness. *Id*. ¶7. The only reporting the technicians did to Ms. Caveness was to advise her about the status of a particular job so she could inform the customer. *Id*. ¶8.

**Response:**

22. Ms. Caveness did not have the authority to hire or fire employees, only Mr. Durham did. Durham Dep. 99-100; Sprinkles Dep. 43.

**Response:**

23.     Ms. Caveness did not interview, train or adjust technicians' rates of pay. Sprinkles Dep. 44.

**Response:**

24.     Ms. Caveness did not establish budgets for V&T.  Sprinkles Dep. 46.

**Response:**

25.     Ms. Caveness did not set up safety protocols for V&T.  Sprinkles Dep. 46-47.

**Response:**

26.     Ms. Caveness was not responsible for monitoring or setting up legal compliance measures at V&T. Sprinkles Dep. 47.

**Response:**

27.     Estimating is an essential part of the services provided to V&T's customers. Sprinkles Dep. 57-58.

**Response:**

28.     Ms. Caveness did not have discretion to negotiate prices or make decisions that had a financial impact on V&T.  Caveness Decl. ¶¶9-11.  All pricing at V&T was set by Don Durham.  *Id.* ¶10.

**Response:**

29.     Estimators at V&T are involved in the process of seeing a car through the shop from start to finish.  Durham Dep. 72.  In particular, when a car comes in the estimator assesses the damage, puts the information about the damage in a computer program, Pathways, and the programs estimates the labor and parts costs.  Durham Dep. 72-73; Caveness Dep. 79, 218-219.  *See* Caveness Decl. ¶9.

**Response:**

5

30. Mr. Durham and V&T did not keep track of the daily hours Ms. Caveness worked. Durham Dep. 136; Sprinkles Dep. 18-20.

**Response:**

31. Ms. Caveness usually worked from 6:00 a.m. to 6/6:30 p.m. Caveness Dep. 79-80, 218-219. Ms. Caveness was not paid time and a half for hours she worked in excess of a forty (40) hour workweek. Caveness Decl. ¶¶5, 6. Ms. Caveness estimates she has not been paid approximately 320 hours of overtime wages. *Id. ¶*6.

**Response:**

32. Ms. Caveness and her husband shared a car and he would drop her off in the morning before he had to be at his job at 7:00 a.m. Caveness Dep. 82. There are emails in the record that reflect Ms. Caveness was working around 6:00 a.m. *Id.* 218-219. *See* Durham Dep., Ex. 6.

**Response:**

33. Rick Flores, Ms. Caveness' supervisor witnessed her arriving before V&T's business hours and after V&T closed for the day. Flores Decl. ¶5.

**Response:**

34. When Ms. Caveness started working, Don Durham told her that she would be working around 55 hours per week, but she worked more than that. Caveness Dep. 127-128.

**Response:**

35. Mr. Durham did not consult with an attorney or review FLSA exemptions until after the instant lawsuit was filed. Durham Dep. 130, 138; Sprinkles Dep. 37. Mr. Durham relied on the practices of other shops and knew that very few other shops paid estimators an hourly rate. *Id.*

**Response:**

6

36. Ms. Caveness trained a similarly situated male estimator, Kevin Skeith on V&T's computer program when Mr. Skeith was hired in June 2009. Sprinkles Dep. 63-64, 68-69.

**Response:**

Respectfully submitted,

*s/ Heather M. Collins*
Heather Moore Collins (#26099)
2002 Richard Jones Road, Suite B-200
Nashville, Tennessee 37215
(615)724-1996
(615)691-7019 (FACSIMILE)
heather@hmcollinslaw.com

and

Cynthia J. Cutler (BPR # 22062)
2002 Richard Jones Rd., Suite B-200
Nashville, Tennessee 37215
Telephone: (615) 242-0005
Email: ccutler@ccutlerlaw.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of June 2011, a copy of the foregoing document was filed electronically with the Court and served on the individuals listed below via electronic transmission:

Nader Baydoun
Stephen C. Knight   15514
Christopher J. Oliver - 20918
Baydoun & Knight, PLLC
Fifth Third Center, Suite 2650
424 Church Street
Nashville, Tennessee 37219-2461

*s/ Heather M. Collins*
Heather Moore Collins